# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-235-RJC-DCK

| | |
|---|---|
| **NICK LAWS, a/k/a Nick of the Family Laws,** | )<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION** |
| **CHILD SUPPORT SERVICES, JUDY MCARN, in her individual and official capacity, MECKLENBURG COUNTY, MECKLENBURG COUNTY CHILD SUPPORT ENFORCEMENT, JOAN KENNEDY, in her individual and official capacity, and DINA DIORIO, in her individual and official capacity,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss Filed By Defendants North Carolina Department Of Health And Human Services (Child Support Services) And Judy McArn" (Document No. 13) and "County Defendants' Motion To Dismiss" (Document No. 15). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions to dismiss be <u>granted</u>.

## I. BACKGROUND

Nick Laws ("Laws" or "Plaintiff"), appearing *pro se*, filed a "42 U.S.C. § 1983 Complaint For Violation Of Civil Rights" (Document No. 1) (the "Complaint") on May 20, 2019. The Complaint names the following defendants: (1) Child Support Services, located in Raleigh, North Carolina; (2) Judy McArn ("McArn") "chief of IV-D Franchise" also in Raleigh, North Carolina;

(3) Mecklenburg County Child Support Enforcement; (4) Mecklenburg County; and (5) Mecklenburg County Manager Dena Diorio ("Diorio")[1] (all together, "Defendants"). (Document No. 1, p. 2). Plaintiff's Complaint alleges: violation of his federal Constitutional rights including "infliction of a Bill of Attainder" and violations of his rights under the First, Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendments of the Constitution. (Document No. 1, pp. 3-4). In addition, the Complaint asserts "other claims" for: fraudulent inducement, peonage, fraud, dissemination of false advertisements, and "compelled use of an SSN." (Document No. 1, pp. 4-5).

The Complaint is difficult to follow, but essentially seems to allege that in or about April 2018, Plaintiff was required by a state court action and/or the county Sheriff to "provide his DNA so that paternity could be established against him." (Document No. 1, p. 6). Plaintiff suggests he was required to provide his DNA without due process in violation of his Constitutional rights. (Document No. 1, p. 7).

North Carolina Health and Human Services ("DHHS") and McArn (the "State Defendants") filed their "Motion To Dismiss Filed By Defendants North Carolina Department Of Health And Human Services (Child Support Services) And Judy McArn (Or, In The Alternative, For A More Definite Statement)" (Document No. 13) and "Memorandum of Law In Support Of Motion To Dismiss…" (Document No. 14) on July 24, 2019. The State Defendants' "Motion To Dismiss …" asserts that Plaintiff's claims should be dismissed pursuant to Rules 12(b)(1), (b)(2), (b)(5) and (b)(6) based on improper service, the Eleventh Amendment barring claims against State Defendants in their official capacities, McArn's qualified immunity in her individual capacity, and failure to state a claim upon which relief may be granted. (Document No. 13).

---

[1] Plaintiff also names Joan Kennedy ("Kennedy") "Director Mecklenburg CSE" in the caption, but does not seem to otherwise identify her as a Defendant. (Document No. 1, pp. 1-2).

Mecklenburg County, Mecklenburg County Child Support Enforcement, Joan Kennedy and Dena Diorio (together, "County Defendants") filed the "County Defendants' Motion To Dismiss" (Document No. 15) and "County Defendants' Memorandum In Support Of Motion To Dismiss" (Document No. 16) on August 21, 2019. The County Defendants also assert that Plaintiff's claims should be dismissed pursuant to Rules 12(b)(1), (b)(5) and (b)(6) for lack of subject matter jurisdiction, for insufficient service of process, and for failure to state a claim upon which relief can be granted. (Document No. 15, p. 1).

On September 4, 2019, Plaintiff filed a "Memorandum Of Law In Support Of Dismissal Of Defendants Motion To Dismiss" (Document No. 17), which the Court construes as Plaintiff's "Response" to the pending motions to dismiss. See Local Rule 7.1(e). "County Defendants' Reply To Plaintiff's Response To Defendants' Motions To Dismiss" (Document No. 18) was filed on September 10, 2019. State Defendants failed to file a reply or notice of intent not to reply. Id.

The pending motions to dismiss are ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Factual Background**

State Defendants' Memorandum includes the following helpful summary of the facts.

> As stated in his complaint, the events giving rise to Plaintiff's claims occurred between April 2018 and the present. According to Plaintiff, in May 2018, he was served "a directory" from the county sheriff's office. When he arrived at 5800 Executive Center Drive, Suite 200, Charlotte, NC 28212, Plaintiff was instructed to provide his DNA so that paternity could be established against him. He was advised if he failed to comply, he would be jailed until he complied. Out of fear of going to jail, Plaintiff submitted his DNA and was thereafter subjected to IV-D remedies. (D.E. 1 at 6)

> Mecklenburg County District Court orders show that Mecklenburg County Child Support Enforcement filed a complaint to establish paternity and child support against Plaintiff on behalf of custodial parent, Danielle Sanders. (Def. Ex. 1 at 1 (Order of Continuance)) The matter came to be heard on February 27, 2018, in Mecklenburg County District Court. (Def. Ex. 1 at 1) The hearing was continued to May 1, 2018, because *Plaintiff requested* DNA testing. (Def. Ex. 1 at 2) On May 1, 2018, the Mecklenburg County District Court heard the case and entered an Order establishing paternity based on the DNA testing results, and ordered Plaintiff to pay child support. (Def. Ex. 2 at 3-4 (Order)) The order states, *inter alia*, that the child support obligation will be enforced by income withholding; Plaintiff is required to keep Mecklenburg County Child Support informed at all times of his current residence, mailing address, and change in disposable income; the child support agency can report the obligation to the appropriate credit reporting agency; and Plaintiff is subject to administrative offset of state and federal income tax refunds. (Def. Ex. 2 at 5) Plaintiff did not appeal the order to the North Carolina Court of Appeals. Instead, Plaintiff filed this action in federal court.

(Document No. 14, pp. 2-3). See also (Document No. 16, p. 3) (County Defendants accepting and incorporating State Defendants' Statement of the Facts). Plaintiff's response does not seem to challenge the foregoing factual summary provided by Defendants, including the allegation that Plaintiff requested DNA testing. See (Document No. 17).

**B. Motions to Dismiss**

    1. State Defendants

As an initial matter, State Defendants note that the Complaint incorrectly refers to Child Support Services instead of the North Carolina Department of Health and Human Services ("DHHS"). (Document No. 14, p. 1, n. 1). State Defendants then assert three main arguments for dismissal. The undersigned will briefly address each.

First, Defendants contend that neither McArn nor DHHS was properly served in this matter, and therefore, dismissal is appropriate in accordance with Fed.R.Civ.P. 12(b)(5).

(Document No. 14, p. 4). Defendants contend that DHHS was not properly served through its process agent, and that Ms. McArn was also not served in her individual capacity in accordance with Fed.R.Civ.P. 4 or N.C.R.Civ.P. 4. (Document No. 14, pp. 4-6).

Next, State Defendants argue that the Eleventh Amendment of the U.S. Constitution and the doctrines of sovereign and qualified immunity bar Plaintiff's claims. (Document No. 14, pp. 7-10). As such, Defendants contend dismissal is appropriate under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. (Document No. 14, p. 7).

> DHHS is a statutorily-created principal department contained within the executive branch of the State of North Carolina. Any money damages awarded against it would be drawn from the state treasury. *See* N.C.G.S. §§ 143B-6 and 143C-6-8(a). Therefore, any claim against DHHS or Ms. McArn, acting in her official capacity, is a claim against the State of North Carolina. The State of North Carolina has not waived its immunity from suit under the facts of the instant case. Therefore, pursuant to the Eleventh Amendment and the doctrine of sovereign immunity, Plaintiff's § 1983 claim, as well as any and all other claims purportedly asserted against DHHS and Ms. McArn in her official capacity must be dismissed.

(Document No. 14, p. 9).

As to McArn in her private or individual capacity, Defendants argue that: (1) as Chief of North Carolina Child Support Services ("CSS"), she would not have played any role in an order entered against Plaintiff in Mecklenburg County District Court; (2) the Complaint does not assert that she knowingly violated any statutory or constitutional right; and (3) she retired on November 1, 2017, well before the time frame of underlying events alleged by Plaintiff beginning in or about April 2018. (Document No. 14, p. 10); see also (Document No. 14-3).

Finally, State Defendants argue that dismissal is appropriate pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 14, pp. 10-12). Defendants persuasively note that even liberally construing *pro se* Plaintiff's Complaint, his "allegations of constitutional violations contain

virtually no supporting facts." (Document No. 14, p. 11) (citations omitted). Moreover, his three fraud claims fail to meet the heightened standard of pleading with "particularity." Id.

Defendants conclude that overall, Plaintiff's Complaint seems to be a veiled attempt to attack the orders of the Mecklenburg County District Court related to DNA testing and child support. Id. Defendants observe that Plaintiff could have appealed those decisions to the North Carolina Court of Appeals but did not.

2. County Defendants

The Mecklenburg County Defendants offer very similar arguments for dismissal. (Document No. 15). They assert that there is no subject matter jurisdiction, that they were not properly served, and that the Complaint fails to meet the minimal pleading standards to state a claim upon which relief may be granted. Id.

Picking up where the State Defendants left off, County Defendants' first argument notes that this Court may take judicial notice of the "two Child Support Enforcement Actions proceeding against the Plaintiff in the Mecklenburg County District Court: Danielle Sanders v. Nicholas Laws, 18-CVD-249, and Ciera Williams v. Nicholas Laws, 09-CVD-22565" (the "State Court Actions"). (Document No. 16, p. 3); see also (Document Nos. 16-1 and 16-2).

County Defendants contend that Plaintiff is basing this action on a belief that North Carolina General Statutes governing child support do not apply to him. (Document No. 16, p. 5). Defendants argue that Plaintiff cannot escape his obligation as a parent to support his children. Id. Moreover, his attack of the State Court Actions by filing a Complaint in this Court is "barred by the *Rooker-Feldman* doctrine, which prevents losing state-court litigants from obtaining illicit federal district court review of state court decisions." Id. "Plaintiff's conclusory allegations that his rights have been violated are inextricably intertwined with the state court orders compelling

7

him to pay child support . . . pursuant to the *Rooker-Feldman Doctrine*, this Court lacks jurisdiction over any of Plaintiff's claims." (Document No. 16, p. 7).

Next, County Defendants argue that the "Complaint contains no specific factual allegations of wrongful conduct by any specific defendant." (Document No. 16, p. 7). As a result, the "Complaint falls woefully short of the *Twombly/Iqbal* standard" and the requirements of Rule 8. (Document No. 16, p. 8).

Regarding individuals Kennedy and Diorio, Defendants re-state that there are no specific allegations against either, and certainly none that suggest they violated Plaintiff's clearly established statutory or constitutional rights. Id. (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) and Malley v. Briggs, 475 U.S. 335, 341 (1986)). Defendants conclude that claims against Kennedy and Diorio are barred by qualified immunity. Id.

Plaintiff's "Motion To Dismiss Defendants Motion To Dismiss," construed as his Response to the pending motions, provides little, if any, rebuttal of the facts or legal arguments presented by Defendants. (Document No. 17). Plaintiff begins by asserting that he brings this action against "contractors masquerading as State and local officials" and "is not suing state employees or a state agency." (Document No. 17, p. 1). From there, Plaintiff's brief seems to express grievances against federal and/or state child support enforcement that is mostly non-sensical. (Document No. 17).

Plaintiff seems to conclude that the underlying DNA and/or paternity orders in the State Court Actions are "contractual in nature not judicial" and that there is "not a State Court judgement or state agency . . . [that] bar federal jurisdiction of my claims." (Document No. 17, p. 7). Moreover, Plaintiff argues that the "named defendants did not have proper authority to order support from me" because they are foreign agents. (Document No. 17, pp. 5-6, 9).

8

"County Defendants' Reply…" aptly summarizes Plaintiff's response as "unintelligible and without merit." (Document No. 18, p. 10. Defendants re-assert that Plaintiff's Complaint should be dismissed for the reasons previously stated. Id.

The undersigned finds Defendants' arguments convincing. Moreover, *pro se* Plaintiff's response fails to effectively dispute Defendants' positions, or otherwise bring clarity to the basis for his Complaint. In short, there are multiple persuasive arguments that the Complaint is fatally deficient. In some cases involving a *pro se* Plaintiff, the undersigned might recommend allowing an opportunity for amendment; however, in this case, it appears that Plaintiff is simply seeking to overturn valid State Court Actions. As such, the undersigned concludes that Plaintiff has not, and cannot, state a claim upon which relief may be granted, and will respectfully recommend that the Complaint be dismissed with prejudice and this case be closed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion To Dismiss Filed By Defendants North Carolina Department Of Health And Human Services (Child Support Services) And Judy McArn" (Document No. 13) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the "County Defendants' Motion To Dismiss" (Document No. 15) be **GRANTED**.

The Clerk of Court shall send a copy of this Memorandum And Recommendation to *pro se* Plaintiff by certified U.S. mail, return receipt requested.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days**

of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: February 27, 2020

David C. Keesler
United States Magistrate Judge